MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
SARAH R. HASSELBERGER, #340640
shasselberger@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Reorganized Debtors,
ROCKPORT DEVELOPMENT, INC., and
TIARA TOWNHOMES, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:20-bk-11339-SC |
| ROCKPORT DEVELOPMENT, INC., a California Corporation | Chapter 11 |
| Reorganized Debtors. | (Jointly administered with Case No. 8:20-bk-11683-SC) |
| ☒ ALL DEBTORS | Adv. No. _____ |
| ☐ Rockport Development, Inc., ONLY | COMPLAINT FOR: |
| ☐ Tiara Townhomes, LLC, ONLY | (1) AVOIDANCE, RECOVERY, AND PRESERVATION OF ACTUAL FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 544, 550, 551; CAL. CIV. CODE §§ 3439.04, 3439.07; |
| JOSHUA R. TEEPLE, POST-CONFIRMATION MONITOR AND DISBURSING AGENT FOR REORGANIZED DEBTORS ROCKPORT DEVELOPMENT INC. AND TIARA TOWNHOMES LLC, | |
| Plaintiff, | (2) AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 544, 550, 551; CAL. CIV. CODE § 3439.05; |
| v. | |
| REHABBERS FINANCIAL, INC., *dba* AZTEC FINANCIAL, | [STATUS CONFERENCE TO BE SET BY COURT] |
| Defendant(s). | |

Joshua R. Teeple, the post-conformation monitor and disbursing agent ("Disbursing Agent" or "Plaintiff") for the Reorganized Debtors, Rockport Development Inc. ("Rockport") and Tiara Townhomes LLC ("Tiara") (collectively, "Reorganized Debtors" or "Debtors"), alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this adversary proceeding ("Action") pursuant to 28 U.S.C. §§ 157 and 1334. This Action is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A), (H), and (O). This Action arises in a case under Chapter 11 of Title 11 of the United States Code entitled *In re Rockport Development Inc., a California corporation*, which has been assigned case number 8:20-bk-11339-SC and the jointly administered case *In re Tiara Townhomes LLC*, assigned case number 8:20-bk-11683-SC, and is pending in the United States Bankruptcy Court, Central District of California, Santa Ana Division ("Bankruptcy Case"). Plaintiff consents to the entry in this Action of final orders and judgment by the Bankruptcy Court.

2.     Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

3.     Plaintiff is the post-confirmation monitor and disbursing agent ("Disbursing Agent") for the Reorganized Debtors.

4.     Defendant Rehabbers Financial, Inc. *dba* Aztec Financial ("Defendant") is a corporation organized in California with its principal place of business in Southern California.

## THE BANKRUPTCY CASE

5.     On May 7, 2020 ("Petition Date"), Rockport filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

6.     On June 11, 2020 ("Tiara Petition Date"), Tiara filed a voluntary petition under Chapter 11 of Title 11 of the United States Code. After the Tiara Petition Date, an order was entered providing for the joint administration of Tiara's Chapter 11 case with Rockport's Chapter 11 case.

7.     On December 15, 2020, the Reorganized Debtors filed their Liquidating Chapter 11 Plan of Reorganization dated December 15, 2020, and Disclosure Statement. On the same day, the

1   Reorganized Debtors filed a motion for approval of the Disclosure Statement.

2        8.    On February 25, 2021, the Reorganized Debtors filed their First Amended Plan dated

3   February 25, 2021.

4        9.    On March 5, 2021, the Court entered an order approving the Disclosure Statement as

5   providing adequate information and setting the confirmation schedule for the Plan.

6        10.    On June 3, 2021, the Court conducted a hearing on the confirmation of the

7   Reorganized Debtors' Plan.

8        11.    On June 11, 2021, the Court entered an order confirming the Reorganized Debtors'

9   Plan.

10        12.    The Plan identifies Plaintiff as the Disbursing Agent that will act as the Chapter 11

11   bankruptcy Estates' post-confirmation monitor and disbursing agent for all of the property of the

12   Reorganized Debtors' estates. In addition, the Plan provides that Plaintiff shall retain all rights to

13   commence and pursue, as appropriate, certain Avoidance Actions and Other Causes of Actions held

14   by the Reorganized Debtors.

## GENERAL ALLEGATIONS

16        13.    On October 18, 2013, Soaring Gulls Properties LLC ("Soaring Gulls") purchased the

17   real property located at 584 E Elizabeth St., Pasadena, CA 91104 ("Property") from Pvk

18   Investments, LLC ("Pvk Investments").

19        14.    On January 7, 2014, Soaring Gulls recorded a grant deed with Recording Document

20   No. 2014.16043 transferring the Property from Pvk Investments to Soaring Gulls.

21        15.    On January 7, 2014, Soaring Gulls recorded a mortgage trust deed secured by the

22   Property identifying a mortgage owed by Soaring Gulls to Defendant in the amount of $585,000.00

23   with the Mortgage Document No. 2014.16044.

24        16.    On September 8, 2015, Kevin Zhang, on behalf of Soaring Gulls, sent a letter

25   ("Authorization Letter") authorizing a third party to obtain a detailed ledger for loan account

26   #231776 ("Loan"). The Authorization Letter listed Soaring Gulls as the borrower on the Loan and

27   the Property as the property address.

28

17. During the four-year period prior to the Petition Date, Rockport transferred a total of $54,156.42 ("Transfers").

18. On May 10, 2016, Rockport executed Check No. 1124 and transferred $6,017.38 to Defendant. A true and correct copy of the redacted Check No. 1124 is attached as **Exhibit 1.**

19. On June 13, 2016, Rockport executed Check No. 1132 and transferred $6,017.38 to Defendant. A true and correct copy of the redacted Check No. 1132 is attached as **Exhibit 2.**

20. On July 11, 2016, Rockport executed Check No. 1140 and transferred $6,017.38 to Defendant. A true and correct copy of the redacted Check No. 1140 is attached as **Exhibit 3.**

21. On August 10, 2016, Rockport executed Check No. 1149 and transferred $6,017.38 to Defendant. A true and correct copy of the redacted Check No. 1149 is attached as **Exhibit 4.**

22. On September 12, 2016, Rockport executed Check No. 1156 and transferred $6,017.38 to Defendant. A true and correct copy of the redacted Check No. 1156 is attached as **Exhibit 5.**

23. On October 12, 2016, Rockport executed Check No. 1162 and transferred $6,017.38 to Defendant. A true and correct copy of the redacted Check No. 1162 is attached as **Exhibit 6.**

24. On November 9, 2016, Rockport executed Check No. 1169 and transferred $6,017.38 to Defendant. A true and correct copy of the redacted Check No. 1169 is attached as **Exhibit 7.**

25. On December 9, 2016, Rockport executed Check No. 1178 and transferred $6,017.38 to Defendant. A true and correct copy of the redacted Check No. 1178 is attached as **Exhibit 8.**

26. On January 10, 2017, Rockport executed Check No. 1185 and transferred $6,017.38 to Defendant. A true and correct copy of the redacted Check No. 1185 is attached as **Exhibit 9**.

27. Defendant did not provide any consideration to Rockport in exchange for the Transfers.

28. At the time of the Transfers, Rockport did not hold title to the Property.

29. At the time of the Transfers, Rockport was not a borrower on account of Loan #231776.

30. At the time of the Transfers, Rockport did not owe any funds to Defendant.

/ / /

# FIRST CLAIM FOR RELIEF

## Avoidance, Preservation, and Recovery of Actual Fraudulent Transfers

### [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.07]

31.    Plaintiff incorporates herein, by this reference, all allegations in paragraphs 1 through 30, inclusive, of this Complaint.

32.    Under 11 U.S.C. § 544, Plaintiff may avoid the transfer of an interest of the Debtors which is voidable under applicable law by an unsecured creditor of the Debtors, including under California Civil Code § 3439.04.

33.    The Transfers to Defendant were of Rockport's property.

34.    The Transfers were made within four years of the Petition Date.

35.    The Transfers were made with the actual intent to hinder, delay, or defraud Rockport's creditors.

36.    The Transfers were concealed because the Transfers were not disclosed in Rockport's bankruptcy schedules and statements.

37.    The Transfers resulted in Rockport transferring assets, namely $54,156.42 of Rockport's cash, to Defendant.

38.    Rockport did not receive reasonably equivalent value, or any value, in exchange for the Transfers.

39.    The Transfers were made at a time when Rockport was insolvent or which rendered Rockport insolvent.

40.    Based on the foregoing, Plaintiff may avoid the Transfers pursuant to 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1).

41.    Based on the foregoing, Plaintiff may recover and preserve the Transfers for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551 and California Civil Code § 3439.04(a)(1).

/ / /

/ / /

/ / /

COMPLAINT

## SECOND CLAIM FOR RELIEF

## Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfers

## [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code § 3439.05]

42.     Plaintiff incorporates herein, by this reference, all allegations in paragraphs 1 through 30, inclusive, of this Complaint.

43.     Under 11 U.S.C. § 544, Plaintiff may avoid the transfer of an interest of the Debtors which is voidable under applicable law by an unsecured creditor of the Debtors, including under California Civil Code § 3439.05.

44.     Rockport did not receive reasonably equivalent value in exchange for the Transfers.

45.     At the time of the Transfers, Rockport was either insolvent or became insolvent as a result of the Transfers.

46.     Based on the foregoing, Plaintiff may avoid the Transfers pursuant to 11 U.S.C. § 544 and California Civil Code § 3439.05.

47.     Based on the foregoing, Plaintiff may recover and preserve the Transfers for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551, and California Civil Code § 3439.05.

## Prayer

WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendant as follows:

## On the First Claim for Relief:

1.     That the Transfers be avoided as actual fraudulent transfers under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1);

2.     That Plaintiff recover and preserve the avoided Transfers for the Estate pursuant to 11 U.S.C. §§ 550 and 551;

## On the Second Claim for Relief:

3.     That the Transfers be avoided as constructive fraudulent transfers under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1);

4.     That Plaintiff recover and preserve the avoided Transfers for the Estate pursuant to 11 U.S.C. §§ 550 and 551;

1

**On All Claims for Relief:**

2      5.      That the avoided and preserved Transfers be adjudicated to constitute property of the

3  Estate under 11 U.S.C. §§ 541(a)(3) and (a)(4);

4      6.      For pre-judgment interest at the maximum rate allowed by law;

5      7.      For costs incurred by Plaintiff in prosecuting this action; and

6      8.      For such other and further relief as the Court may deem just and proper.

7

8  Dated: July 5, 2023                          Respectfully submitted,

9                                               MARSHACK HAYS LLP

10

11                                              By: */s/ David A. Wood*

12                                                  MATTHEW W. GRIMSHAW
                                                    DAVID A. WOOD
13                                                  SARAH R. HASSELBERGER
                                                    Attorneys for Plaintiff,
14                                                  JOSHUA  R.  TEEPLE, Post-Confirmation
                                                    Monitor  and  Disbursing  Agent  for  the
15                                                  Reorganized Debtors Rockport Development
                                                    Inc. and Tiara Townhomes LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**



**EXHIBIT 2**



**EXHIBIT 3**



**EXHIBIT 4**



**EXHIBIT 5**



**EXHIBIT 6**



**EXHIBIT 7**



CASH ONLY IF ALL CheckLock™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

**Rockport Development Inc.** 01/15
1619 W Garvey Ave N Ste 207
West Covina, CA 91790
(626) 373-1234

JPMORGAN CHASE BANK, NA
West Covina, CA
90-7162/3222

1166

10/28/2016

PAY TO THE ORDER OF ADP Sreening & Selection Services $ **99.08

Ninety-Nine and 08/100********************************************** DOLLARS

Protected Against Fraud

ADP Sreening & Selection Services
PO Box 645177
Cincinnati, OH 45264-5177

MEMO
Acct# 000001749667-8 Payment

MP

⑈001166⑈ [redacted]

REPLICATING, FORGING OR ALTERING THIS CHECK IS EXTREMELY DIFFICULT DUE TO CheckLock™ HIGH SECURITY FEATURES

SECURITY FEATURES: DO NOT CASH IF:

As the issuer, this CheckLock™ Secure Plus check may help reduce your risk of fraud and liability.

To learn how to protect your business, call our check fraud experts at 1-800-548-0289 or visit: www.intuitmarket.com/fraudcenter

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

[redacted]

[redacted]

**EXHIBIT 8**



**EXHIBIT 9**



CASH ONLY IF ALL CheckLock™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

**Rockport Development Inc.** 01/15
1619 W Garvey Ave N Ste 207
West Covina, CA 91790
(626) 373-1234

**JPMORGAN CHASE BANK, NA**
West Covina, CA
90-7162/3222

1185

1/1/2017

PAY TO THE ORDER OF Aztec Financial $ **6,017.38

Six Thousand Seventeen and 38/100******************************************************************************* DOLLARS

PROTECTED AGAINST FRAUD

Aztec Financial
2624 W Magnolia Blvd
Burbank, CA 91505

MEMO
Acct#231776 Jan 2017 Payment (594 E Elizabeth)

⑈001185⑈ [redacted]

REPLICATING, FORGING OR ALTERING [redacted] S EXTREMELY DIFFICULT DUE TO CheckLock [redacted] FEATURES

ENDORSE HERE
X

DO NOT WRITE [redacted] LINE

Seq: 27
Batch: 164361
Date: 01/09/17

**SB1283714-F1** **2359**